**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,

        Plaintiff,

vs.

STATE OF CALIFORNIA, JUDICIAL COUNCIL ON PERFORMANCE; JON FERGUSON, Judge; KAREN MICHAELS, Deputy District Attorney, San Bernardino County; ED O'BRIEN; and MARK SOUP,

        Defendants.

No. C 07-0174 PJH (PR)

**ORDER OF DISMISSAL**

        This is a civil rights case brought pro se by a state prisoner. The defendants are the Commission on Judicial Performance, a judge in San Bernardino County where plaintiff was convicted, an assistant district attorney in San Bernardino County, and two of plaintiff's defense lawyers. Because this is a district where one of the defendants, the Commission on Judicial Performance, "resides" or "may be found," *see* 28 U.S.C. § 1391(b), venue appears to be proper here.

        The Commission on Judicial Performance is a state agency. *See Wolfe v. Strankman*, 392 F.3d 358, 364(9th Cir. 2004) (affirming dismissal of State of California and Judicial Council of California because given the role of the Judicial Council, it is clearly a state agency). The Eleventh Amendment thus bars suits against it in federal court. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003) (11th Amendment bars suit against state superior court and its employees). In addition, a Section 1983 claim such as plaintiff presents here cannot be maintained because the council is not a "person" as that word is used in Section 1983. *Wolfe*, 392 F.3d at 364. For these reasons plaintiff's claims against the commission will be dismissed, and because the

commission cannot be sued in federal court, the dismissal will be without leave to amend.

The remaining claims are against the judge who presided at plaintiff's criminal trial, the prosecutor, and plaintiff's defense lawyers. Plaintiff requests only damages.

Plaintiff contends that Judge Ferguson failed to follow California law and "denied me a[n] interpretation of a statute." He also may intend to complain that the judge conferred with the prosecutor regarding plaintiff's attempted disqualification of the judge, and that the judge failed to disqualify himself. These claims are entirely about actions taken by Judge Ferguson in the course of his judicial duties to try the case, so he is absolutely immune. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Because there is no way such claims arising out of the judge's performance of his duties could be actionable, the claims against him will be dismissed without leave to amend.

Plaintiff alleges that defendant Michaels, the prosecutor, was racist. When plaintiff said in court that she "was Klu Klux Klan" and told her she could not "review [his] case" while his disqualification motion was pending, she went into chambers and "argued for ten minutes." This claim involves actions taken by Michaels in the course of prosecuting plaintiff, for which she is absolutely immune. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993) (prosecutors absolutely immune from liability for conduct as "advocates" during the initiation of criminal case and its presentation at trial). Because no amendment could make such claims actionable in federal court, they will be dismissed without leave to amend.

Plaintiff's claims against his defense attorneys also are not actionable under Section 1983, because defense attorneys, whether appointed or retained, do not act under color of state law, an essential element of a Section 1983 claim. *See Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981); *Briley v. State of California*, 564 F.2d 849, 855 (9th Cir. 1977) (neither appointed nor retained defense attorneys act under color of state law). The claims against them will be dismissed without leave to amend.

**CONCLUSION**

2

Plaintiff has failed to state a claim against any defendant. For the reasons set out above, the case is **DISMISSED** without leave to amend. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  January 18, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\BROWN,R174.DSM